IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANTHONY KOCK,<br><br>   Plaintiff,<br> v.<br><br>MR. COOPER,<br><br>   Defendant. | Case No.: 3:25-cv-00567-AN<br><br><br>OPINION AND ORDER |

    Self-represented plaintiff Anthony Kock brings this action against defendant Mr. Cooper to prevent the foreclosure sale of a condominium. On April 8, 2025, plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP") and a motion for temporary restraining order ("TRO"). Defendant has not been served or appeared in this case. Plaintiff's motion for TRO is DENIED with leave to renew. Plaintiff is ordered to file a complaint within thirty (30) days of this opinion and order curing the defects outlined below. Ruling on plaintiff's IFP application is DEFERRED until plaintiff has filed a complaint.

**LEGAL STANDARD**

    TROs are subject to substantially the same factors as preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO is an "extraordinary remedy that may only be awarded upon a clear showing that plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Generally, a party seeking a TRO must show (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the favor of the party; and (4) an injunction is in the public interest. *Id.* at 20-22. In the Ninth Circuit, "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

Federal Rule of Civil Procedure 65 provides that a court "may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A court may issue an *ex parte* TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly shows that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The issuance of *ex parte* TROs is "extremely limited" because "'our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.'" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438-39 (1974)). Courts have recognized that issuance of an *ex parte* TRO may be appropriate in limited circumstances "where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing" or "because notice to the defendant would render fruitless the further prosecution of the action." *Id.* (internal quotation marks and citation omitted).

A TRO issued without notice to the opposing party may not exceed fourteen days and may be extended by the issuing court one time for an additional fourteen days if good cause is shown. Fed. R. Civ. P. 65(b)(2). If the parties do not consent to an extension, then the court must schedule a preliminary injunction hearing that occurs within twenty-eight days after the date that the TRO is first issued. *Id.*

## BACKGROUND

Plaintiff alleges that he is "responsible for" a condominium located at 4686 W. Powell Blvd. Unit 842, Gresham, OR 97030 (the "Condo"). Mot. for TRO, ECF [2], at 1, 5 (all references to ECF pagination). Plaintiff alleges he became responsible for the Condo in March 2024, after his father passed away unexpectedly. *Id.* at 5. Plaintiff alleges he is responsible for a $216,000 mortgage on the Condo that he is "currently unable to afford." *Id.* As such, defendant has initiated foreclosure proceedings on the Condo.

Shortly after his father's unexpected passing, plaintiff alleges that a pipe in the Condo burst, causing significant damage and resulting repair costs that the insurance claim did not fully cover. Plaintiff lives in the Condo with his fiancé, and they are together "work[ing] to prepare the property for sale[.]" *Id.* Plaintiff alleges that on March 25, 2025, his mother "spoke to [their] mortgage lender, [defendant], who informed her that if she filled out an application for an extension and financial aid, that application would stop the foreclosure sale." *Id.* at 10. However, "the lender is now stating that the agent who opened this case should never have done so, as it was within [thirty-seven] days of the auction." *Id.* Plaintiff alleges that "[he] believes that the recorded conversation with the lender proves that the application as submitted and the case was opened, which should halt the foreclosure [] process." *Id.*

## DISCUSSION

Plaintiff moves for a TRO halting the foreclosure sale. *Id.* at 10. Regarding the *Winters* factors, plaintiff first argues that he "is likely to succeed on the merits because the recorded conversation between [his] mother and [defendant] supports [plaintiff's] claim that a freeze on the foreclosure sale was promised." *Id.* at 10-11. Plaintiff argues that he will suffer irreparable harm without a TRO because the foreclosure sale is scheduled for April 8, 2025, and plaintiff "require[s] additional time to complete renovations and sell the [Condo] to pay off the mortgage and avoid homelessness for [him]self and [his] fianc[é]." *Id.* at 10. Regarding the third factor, plaintiff argues that the balance of hardships tips in his favor "because [his] financial stability and housing security are at stake[,]" and that the balance tips against defendant because defendant "faces minimal harm from delaying the sale of the [Condo] while [plaintiff] work[s] to sell it." *Id.* at 11. Finally, plaintiff argues that "[g]ranting this TRO serves the public interest by preventing homelessness during an already challenging time and providing a fair opportunity to resolve the matter." *Id.*

There are several reasons that counsel against granting a TRO. As an initial matter, plaintiff fails to provide information necessary for the Court to grant plaintiff's requested relief. Plaintiff refers to a defendant and mortgage lender "Mr. Cooper" but does not provide a full name, nor the name of the bank or lending agency mortgagee that initiated the foreclosure, nor the entity conducting the

3

foreclosure sale. The Court cannot determine against whom the TRO is sought. Plaintiff also fails to allege facts necessary for the Court to determine whether he is likely to succeed on the merits. Plaintiff fails to allege the legal grounds upon which he seeks relief; the details of the mortgagor-mortgagee relationship to which the Condo is allegedly subject; or the details of the alleged conversation that took place regarding an application for extension and financial aid to stop the foreclosure sale, including whether an application was filed and whether any negotiations subsequently occurred with the lender. Though the Court liberally construes self-represented parties' pleadings and "must afford [self-represented parties] the benefit of any doubt[,]" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted), *aff'd*, 15 F.3d 1086 (9th Cir. 1994), the Court is here left to speculate as to the key facts that form the basis of plaintiff's claim. This is not sufficient.

Though the Court does not fully reach the merits of the *Winters* factors, plaintiff does not demonstrate a likelihood of success on the merits based on the facts alleged. Plaintiff's only argument on this subject is that "the recorded conversation between [his] mother and [defendant] supports [his] claim that a freeze on the foreclosure sale was promised." Mot. for TRO 10-11. However, plaintiff does not provide the Court with any documentary evidence of this alleged promise or the purported agency relationship between the agent who made the promise and defendant.

Furthermore, the procedural requirements for issuing a TRO without notice are not met. Plaintiff's motion for TRO includes neither a certificate of service nor a showing of efforts made to give notice and the reasons that notice should not be required in this case. As indicated by plaintiff's allegations, plaintiff or his mother are able to communicate directly with defendant, and notice is therefore, presumably, not impossible. Plaintiff does not indicate that he does not have contact information for defendant such that he could not provide notice. And plaintiff has not alleged that defendant would take any steps to frustrate the purpose of this action if given notice. The obvious argument that notice would frustrate the purpose of this action is that the foreclosure sale is set to take place today, April 8, 2025, and that requiring notice would therefore delay the action too late to provide the relief sought—*i.e.*, to halt the foreclosure itself. However, in light of the deficiencies described thus far, the Court is unwilling to make the series of

assumptions that would be necessary to reach the merits of the *ex parte* relief that plaintiff seeks.

Finally, plaintiff has not filed a complaint, which is required to initiate a civil action. *See* Fed. R. Civ. P. 3. "Prior to the filing of a complaint, 'an action has not commenced within the meaning of the Federal Rules' and the Court lacks subject matter jurisdiction to grant relief." *Talley v. Huron Valley Corr. Facility*, No. 2:22-11861, 2022 WL 4542244, at *1 (E.D. Mich. Sept. 28, 2022) (quoting *Lusick v. City of Philadelphia*, No. 12-cv-5150, 2013 WL 1187064, *2 (E.D. Pa. March 21, 2013) (internal citation and quotation marks omitted)); *Williams v. State Univ. of N.Y.*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986). The complaint must allege sufficient facts to state a claim for relief to assure the Court that it has subject matter jurisdiction over this action. Plaintiff does not identify either federal question jurisdiction under 28 U.S.C. § 1331, for "all civil actions arising under the Constitution, laws, or treaties of the United States[,]" or diversity jurisdiction over civil actions under 28 U.S.C. § 1332(a), "where the matter in controversy exceeds the sum or value of $75,000" and the action is between "citizens of different States[.]" Without a complaint, the Court lacks subject matter jurisdiction to hear this action and to issue a TRO.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Temporary Restraining Order, ECF [2], is DENIED with leave to renew. Plaintiff is ordered to file a complaint within thirty (30) days of this opinion and order curing the defects outlined above. Ruling on plaintiff's Application for Leave to Proceed IFP, ECF [1], is DEFERRED until a complaint is filed.

IT IS SO ORDERED.

DATED this 8th day of April, 2025.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge